THE STATE, FOR THE USE, ETC., v. FOLEY.

Municipal corporation: STREET RAILWAY: PRECEDENCE OF CARS OVER OTHER VEHICLES. Where a city ordinance gives the street cars of the city a precedence over other vehicles, and provides that, if any person " shall unnecessarily obstruct or impede the running of the cars," he shall be liable to a fine for such offense, it is the duty of a teamster who has obstructed the track by backing his team across the same, for the purpose of unloading some goods, to remove at once on the approach of the cars, and a delay on his part, even for a short time, for the purpose of removing a box which is the last of his load, thereby causing a stopping of the cars during such delay, is an unnecessary obstruction within the meaning of the ordinance, and will render him liable to its penalty.

*Appeal from Dubuque District Court.*

THURSDAY, JUNE 15.

ON the 16th day of June, 1870, the defendant was arrested upon a warrant issued by a justice of the peace, charging him with obstructing a street railway in the city of Dubuque, in violation of a city ordinance.  Defendant pleaded not guilty.  Upon a trial before the justice, he

was found guilty and fined, from which judgment he appealed to the district court, where he was again tried, found guilty and fined, from which he appeals to this court.

*Shiras, Van Duzee & Henderson* for the appellant.

*E. McCheny* and *Platt Smith* for the appellee.

MILLER, J. — The evidence shows that the defendant was a teamster in the city of Dubuque; that he had backed up his team in the public street for the purpose of unloading the same; that in the street, on which defendant's wagon was thus backed up, is constructed and operated a street railway; that at the point where said wagon was thus situated, the track of the railway came so close to the sidewalk that the wagon could not be backed in without extending across the track. Nor was defendant's wagon so constructed that the team could be moved around to one side so as to allow the cars to pass; that the only way was to pull the wagon entirely out, let the car pass, and then back in again; that while defendant's wagon was being unloaded, and all of the load except one box removed from the wagon, a car came along; that the truck had been taken into the wagon to remove this last box, and that it could have been removed in from one to two minutes and the wagon removed; that a police officer came up and took hold of the defendant's horses, and defendant told him to let them alone, that he would move out of the way as soon as he got the box out. Whereupon the officer arrested him.

The section of the city ordinance under which the arrest was made is as follows:

"SEC. 8. The tracks of such roads as may be constructed shall be put down in such a manner as to obstruct the streets as little as may be. And the cars of said company (the company building and operating the street

The State v. Foley.

railway) shall take precedence over other vehicles, persons, or things; and if any person shall unnecessarily obstruct or impede the running of cars on such track, he shall be fined five dollars for each offense by any court or justice of the peace having jurisdiction in the case." There is no controversy about the facts of the case. The questions presented for decision arise upon the giving and refusal of instructions. The court, at the request of the prosecution, gave the following instructions to the jury:

" By the charter granted by the city of Dubuque to the street railway company, the cars of the company take precedence over all other vehicles on the street on which the track is laid; and it is made an offense for any person unnecessarily to obstruct or impede the running of cars on such track. Therefore, if you find from the evidence that the defendant placed his team across the track of said railroad, and permitted it to remain there and prevent the passage of the cars on said track for a longer time after notice to remove it than was reasonably required by him to remove it, then the defendant is guilty."

" If you find from the evidence that the defendant placed his team across the track of said railroad and permitted it to remain there, and prevent the cars from passing on the track; and refused, after notice, to remove his team until he had unloaded his wagon, he is guilty."

No question is made upon the validity and scope of the city ordinance. It is not claimed that, in giving precedence to the cars upon the street railway the city exceeded its proper powers, nor is it contended, that in creating and defining the offense of obstructing the cars, there was any undue exercise of power. It is insisted, however, that the court, in the instructions given, took the case from the jury, leaving nothing for them to do but to return a verdict of guilty.

Under the city ordinance, quoted from above, to obstruct or impede the running of the cars on the street

The State v. Foley.

railway is made an offense, unless such obstruction or impediment arises from some necessity. The mere *convenience* of a teamster or other person cannot amount to such a necessity as will justify him in obstructing or impeding the cars. The court instructed the jury, substantially, that the defendant was entitled to a reasonable time to remove his team from the railroad track, and that if they found he had refused to do so within such reasonable time, after having notice to remove it, he was guilty of an unnecessary obstruction of the cars. In other words, that if the defendant, merely to suit his convenience in completing the unloading of his wagon, obstructed the running of the cars, such an obstruction was not a necessary one. It is not contended by appellant's counsel that the obstruction was necessary. It is only urged that the time necessary to complete the removal of the last box from the wagon was so inconsiderable that it was unreasonable to require him to *at once* drive his wagon out of the way of the car, and back in again after it had passed ; that the ultimate point at issue is, whether the defendant has exercised *his* privileges in the use of the public street in a reasonable and proper manner, and of this they insist the jury should have been permitted to determine in view of all the circumstances.

It must be borne in mind, however, that the offense defined by the ordinance is not for an *unreasonable* obstruction of the street cars, but an *unnecessary* one. The only question for the jury, therefore, was, whether defendant had unnecessarily obstructed or impeded the cars. The court instructed them that a refusal by defendant to remove his wagon, which was obstructing the track, within a reasonable time after request, was an unnecessary obstruction ; and we see no error in such instruction, for it was conceded that there was no impediment to prevent defendant from removing his wagon from the track.

The case of *The Commonwealth* v. *Temple*, 14 Gray

(Mass.), 69, is in all essential respects like the one under consideration, and the reasoning and conclusion of the court in that case are so satisfactory that we quote at some length from the opinion. Chief Justice SHAW says: "Several things are here to be observed. The cars could only pass on one precise line. The wagon could deviate to the right or to the left, within the limits of the traveled part of the road. The public, by the grant of the franchise, had granted the right to move on that precise line, and given passengers the right to be carried on that line at the usual rate of speed at which passengers are carried by horses, subject only to occasional *necessary* impediments. The cars cannot so move, and the passengers cannot be so carried, while the wagon remains on the track. No *impediment* is shown to prevent the wagon from turning out. The wagon was, therefore, for the time being, an unnecessary obstruction of the public travel."

"It is said above that it was usual for those in charge of heavy and slow teams to drive them with one wheel on the track, and that they could be drawn much more easily in that place than in any other part of the street. This is no justification. While the track was not required for the cars, perhaps the teamster had a right so to use it. But when required for the cars, which could pass in no other mode, he had *no legal right to consult his own convenience*, to the great inconvenience, the actual injury, of the equal rights of another."

"If it be said that the obstruction in this case was very slight, that the cars were delayed but for a very short time, the answer is, that this is very true, and the injury may be trifling in itself; but, vindicated and justified, as it is in the argument on the ground of right, it tests a principle of very great importance. If the driver of a heavily loaded truck or wagon may, for his personal convenience, use one rail of the track, willfully, for a few hundred feet, others may use the other rail for the like purpose, and for

any distance which suits their convenience. Cars which, at the ordinary speed of horses in carriages, would pass a given space in one hour, may be three or four in accomplishing it. Passengers whose business requires them to be at the place of destination at a fixed time, and who expect, and have a right to expect, that it will be reached in that time, may find their business greatly deranged. Men who, relying upon the establishment of horse cars for their daily passage, have fixed their domicile in one place and their ordinary place of business in another, may find their plans of life thus defeated. Indeed, without pursuing the effect of the right contended for into all its consequences, the establishment of such a principle might essentially impair the value of real estate in many situations."

As in that case, so in the one before us, if it be conceded that the defendant had the right to obstruct the cars for one or two minutes, for the convenience of completing the unloading of his wagon, others would have the same right for the same or similar purposes; and if for one or two minutes, why not for five or ten? This would lead to results destructive of the rights of the railroad company and the traveling public. The wagon of defendant being upon the track, it was his duty to turn or remove it, without unnecessary delay, when the cars required the use of the track. It was his duty to turn out or drive off the track at once, there being no impediment to hinder him from doing so, and he had no right to consult his own convenience as to the time of doing it.

In *Willard* v. *The Eighth Avenue R. R. Co.*, 3 Bosw. 314, it is held, that " the street railroad company is entitled to the *unrestricted* use of its rails for the progress of its cars, within the limit of speed allowed by law, and the driver of any other vehicle being *unnecessarily* on the track, is bound to exercise greater care than if upon the common pavement, to see that the approaching car is not

*impeded*, and if, through negligence or willfulness in this respect, a collision ensues, he should not have damages against the company, even though the servants of the latter are also at fault." This conclusion is based upon the same principles as *Commonwealth* v. *Temple, supra.* See, also, *Commonwealth* v. *Hicks*, 7 Allen, in support of the same doctrine.

Under the city ordinance in this case the street cars are given precedence over all other vehicles, persons or things upon the railroad track, and any obstruction or impediment to the free and unrestricted use of the track, not the result of necessity, for any length of time, however short, is an offense under the ordinance.

Affirmed.